CV 14                                6642

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ROBERT MCCLAIN,                          )
                                         )
                                         )   Index No.:
                                         )
                  Plaintiff,             )   **COMPLAINT**
                                         )
                                         )
                                         )   **JURY TRIAL DEMANDED**
                                         )
NEW YORK CITY DEPARTMENT OF              )
PARKS AND RECREATION and THE CITY        )
OF NEW YORK                              )
                                         )
                                         )
                  Defendant.             )
                                         )
                                         )
                                         )

CHEN, J.

POLLAK, M.J

Plaintiff, ROBERT MCCLAIN, by his attorneys Gerald Graves and Associates, complaining of Defendants, NEW YORK CITY DEPARTMENT OF PARKS AND RECREATION and THE CITY OF NEW YORK, allege:

## NATURE OF THE ACTION

1. This action is brought to remedy discrimination on the basis of age, race, sex in the terms conditions and privileges of employment in violation of Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII") and the Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 - 634. ("ADEA"). Plaintiff also seeks a remedy for defendants' retaliation.

**JURISDICTION**

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343 (3) and (4) since redress is sought for the violation of Plaintiff's civil rights.

3. Plaintiff has fully complied with all prerequisites to jurisdiction in this Court under Title VII. This action is founded on charges filed with the United States Equal Employment Opportunity Commission ("EEOC") by Plaintiff on or about March of 30, 2013 (charge no. 520-2012-02258); amended June 11, 2012 and second amended February 26, 2014.

4. This lawsuit is commenced within ninety (90) days of Plaintiffs' receipt of a notice from the United States Department of Justice ("DOJ") that he has a right to sue, mailed August 15, 2014.

**VENUE**

5. Venue in the Eastern District of New York is proper under 28 U.S.C. § 1391.

**PARTIES**

6. Plaintiff **ROBERT MCCLAIN** ("Plaintiff") is the Plaintiff.  He is an African American male and a citizen of the United States. Plaintiff was 54 years old and worked in the Borough of the Queens, New York during the relevant period of this complaint.

7. Defendant **THE CITY OF NEW YORK** ("NYC") is a municipal corporation organized under the laws of the State of New York where it is headquartered in the Borough of Manhattan. The Mayor of the City of New York is head of the executive branch of New York City's government. The mayor's office administers all city services, public property, police and fire protection, most public agencies, and enforces all city and state laws within New York City. The mayor appoints a large number of officials, including commissioners who head city departments, and his or her deputy mayors.

2

8. Defendant **NEW YORK CITY DEPARTMENT OF PARKS AND RECREATION
("DPR" or "Parks")** is an agency of the City, and is an employer, or an agent of an
employer, within the meaning of 42 U.S.C. § 2000e (b). The commissioner of DPR is the
highest level employee appointed by the Mayor of the City of New York.

9. DPR is headquartered at the Arsenal Central Park 830 Fifth Avenue New York, NY.

10. DPR is responsible for maintaining the city's parks system, preserving and maintaining
the ecological diversity of the city's natural areas, and furnishing recreational
opportunities for city's residents and visitors. The department maintains more than 1,700
parks, playgrounds and recreation facilities across the five boroughs. It is responsible for
over 1,000 playgrounds, 800 playing fields, 550 tennis courts, 48 major recreation
centers, 66 public pools, 14 miles of beaches, and 13 golf courses, as well as 17 nature
centers, six ice skating rinks, over 2000 green streets and four major stadiums. Parks also
cares for park flora and fauna, community gardens, 23 historic houses, over 1,200 statues
and monuments, and more than 2.5 million trees.

11. The recreation center, where Plaintiff is assigned, offer facilities such as indoor pools,
weight rooms, basketball courts, and dance studios, art studios, game rooms, and
libraries. Each recreation center offers a range of programs for people of all ages. There
is a membership fee for these centers.

12. The Commissioner, Mitchell Silver, is responsible for the overall operation of this
agency. The Commissioner appoints Deputy, Borough, and Assistant Commissioners
who are responsible for managing the agency divisions. In addition, each borough has its

3

own headquarters and a management team, composed of a Borough Commissioner with associated management titles.

**DPR Workforce**

13. As stated on a Department of Citywide Administrative Services ("DCAS") 2013 EEO report, on the DCAS website, in a category labeled "Natural Resources, DPR and Recreation," DPR has 9,827 full time employees.

**DPR Employment Regulations**

14. The terms and conditions of employment at DPR are subject to both the civil service structure and the union contracts in place in New York City. Each union contract sets salaries, including minimum and maximum salaries where applicable, and provides for nondiscretionary salary increments. Employees covered by unions work in non-management positions.

15. For managerial employees, compensation is determined by the "Managerial Pay Plan," which sets minimum and maximum salaries for employees at eight assignment levels.

16. Under the New York State Constitution, all public employees are "civil service" employees. There are over 200 civil service job titles at DPR.   One position, "Commissioner," is "unclassified," and all other positions are "classified." Classified service is divided into four classes - exempt, non-competitive, labor, and competitive. Employees in different classes are subject to different terms of employment with exempt and non-competitive classes serving at the will of the appointing officer.

17. In addition to civil service titles, DPR uses "Office" titles for its employees. Typically, "office" titles are more descriptive of the employee's actual role and responsibilities at DPR.

4

18. For example, Plaintiff applied for the "office" title of "Center Manager" however, the civil service title for the position is listed as Recreation Supervisor. The job announcement lists both titles. As stated below, Plaintiff took and passed the test for Recreation Supervisor making him eligible to apply for the position.

19. Under civil service law, appointments and promotions of employees in the competitive class are to be made either permanently from a civil service list of employees who have passed an examination or, where no employees are on the civil service list, by provisional appointment.

20. Specifically, DCAS states on their website, "Except as provided in paragraph 5.3.5 Personnel Rules and Regulations for the City of New York , vacancies in positions in the competitive class shall be filled, so far as practicable, by promotion from among persons holding competitive class positions in a lower grade in the agency in which the vacancy exists, provided that such lower grade positions are in the direct line of promotion, as determined by the commissioner of citywide administrative services."

21. Section 5.5.1 of the Personnel Rules and Regulations for the City of New York provides for the appointment of "provisional" employees for a period of up to nine months, while a new civil service list is promulgated.

22. After a lawsuit was filed in New York Supreme Court alleging that DPR unlawfully employed employees in provisional positions beyond the cap, and where eligible lists were available, defendants were ordered to reduce the provisional workforce.

23. Of the 190,860 competitive class employees comprising the City of New York workforce, 36,855 employees – or 19.31% – were serving in their positions provisionally. To achieve substantial compliance under § 65(5)(b) of the Civil Service Law, the City

was ordered to reduce the number of provisional appointees serving in excess of authorized timeframes to no more than 5% of those serving in a competitive civil service title (fewer than 9,500 employees based on the number of competitive class employees as of December 31, 2007). The New York State legislature passed a bill extending the deadline to the end of 2016.

24. In 2001, the department underwent an investigation after the U.S Attorney's Office received complaints from employees that they had suffered employment discrimination. The lawsuit alleged that DPR violated the Civil Rights Act of 1964 by engaging in a pattern or practice of discrimination against employees on the basis of their race and/or national origin in making promotion decisions. According to the Complaint, the DPR's senior managers sought out and promoted whites to management positions without announcing job openings for those positions or conducting any formal interview process, all in plain disregard of DPR's own stated equal employment opportunity policies. From at least 1995, minorities have been significantly under-represented in the DPR's managerial ranks according to the Complaint. The judge ruled that the plaintiffs had presented substantial evidence to merit a trial on the allegations of class-wide discrimination in pay, promotions and retaliation. In 2008, the City of New York agreed to pay $21 million to settle the federal class action lawsuit. By agreeing to settle the claims, the City avoided a trial on the allegations.

25. Pursuant to the 2008 settlement agreement between DPR and the Class Plaintiff's ("settlement Agreement), DPR was enjoined "from retaliating against any person" for asserting claims of race, color, or national origin discrimination or opposing such discriminatory practices. It requires DPR to establish a five-person advisory committee to

address discrimination and retaliation concerns; three of the five members must be full-time African-American and/or Hispanic DPR employees. The Agreement requires DPR to provide training to employees who conduct interviews to fill job vacancies, and it requires DPR to adopt certain procedures intended to make the promotion process more objective. It requires DPR to conduct an annual "adverse impact study" of the selections for certain job titles to ascertain the selection rates for African-American and Hispanic candidates versus Caucasian candidates. It requires DPR to establish a training program to develop future managers. It requires DPR to adjust the salaries for certain jobs in the recreation area, where plaintiffs believed discrimination against class members was particularly prevalent. It requires DPR to adopt a post complaint follow-up procedure to determine whether employees complaining of discrimination have been subjected to retaliation.

26. Pursuant to a settlement agreement dated June 8, 2006 between DPR and District Council 37, AFSCME, and AFL-CIO, where DC 37 challenged DPR's improper practice of filling the "office title" of Center Manager with Administrative Park and Recreation Managers, DPR agreed to stop that practice and to fill the titles of Center Manager and Deputy Center Manager with the Civil Service titles of Recreation Supervisor or Recreation Director.

## STATEMENT OF THE CLAIM

27. On or about June 6, 1994, Plaintiff transferred from the Queens County District Attorney's Office to DPR to the position of Enforcement Officer.

28. On or about the year 2003, Plaintiff sat for the civil service test for the Recreation Director title scoring 100% and placing 13 of 136 on the eligible list.

29. On or about May 2007, Plaintiff was assigned to the Roy Wilkins Recreation Center located in Queens, New York.

30. On or about 2008, Plaintiff's "office" title was Borough Coordinator for Teen Programming.  He was responsible for programming for the teens for the Borough of Queens.

31. On or about June 2010, Plaintiff sat for the civil service test for the Recreation Supervisor's title and after passing, was placed 5 of 17 on the eligible list.

32. On or about June 2010, Plaintiff was classified as a competitive non-exempt class employee in the civil service title of Recreation Supervisor with the "Office" title of Borough Coordinator for Teen Programming.

33. Plaintiff is a member of District Council 37, AFSCME, and AFL-CIO.

34. Upon information and belief, there are far lower percentages of African-American employees in higher paid positions at DPR while there are far higher percentages of Whites in higher paid positions.

35. Upon information and belief, there are far lower percentages of male employees in the Center Manager title at DPR and specifically in the Borough of Queens while there are far higher percentages of women in the Center Manager Title at DPR and specifically in the Borough of Queens.

36. Upon information and belief, African-Americans are under-represented in managerial and higher paying positions at DPR.

37. Upon information and belief, there are far lower percentages of African-American employees selected for seasonal step-up promotions at DPR while there are far higher percentages of Whites selected for seasonal step-up promotions.

8

38. Upon information and belief, there are far higher percentages of African-American employees disciplined for conduct at DPR while there are far lower percentages of Whites disciplined.

39. These disciplines form the basis for adverse actions and negative performance evaluations that adversely affect promotions.

40. Upon information and belief, African-Americans are disproportionately disciplined for the same infractions than their similarly situated White counterparts.

41. Managers at DPR discipline African-American or employees over the age of 40 to lower their chances of being promoted or selected for interviews.

42. Upon information and belief, even though qualified, there are far lower percentages of African-American employees selected for interviews at DPR while there are far higher percentages of Whites selected for interviews (as related to specific job announcements).

43. Upon information and belief, there are far lower percentages of African-American employees who sought promotions and were subsequently promoted as compared to Whites who sought promotions and were subsequently promoted.

44. Upon information and belief, even though qualified, there are far lower percentages of employees over the age of 40 employees selected for interviews at DPR while there are far higher percentages of employees under the age of 40 selected for interviews (as related to specific job announcements).

45. On or about August 2010, Plaintiff timely applied for a posted Administrative Parks & Recreation Manager position ("APRM"), vacancy number 0109341.

_____

1 All vacancy numbers and job announcement numbers are stated upon information and belief and requiring a subsequent verification through discovery.

46. The APRM title was a promotion from Plaintiff's current title.

47. Plaintiff was substantially and uniquely qualified for the APRM position.

48. On or about April 5, 2011, Plaintiff learned that he was denied the promotion for the APRM position, and in fact, he was informed that a less qualified employee under the age of 40 years old, and/or was a non-African-American was promoted to this same position.

49. Plaintiff's qualifications were superior to the employee selected for the APRM position.

50. On or about December 2011, Plaintiff timely applied for a posted position of Center Manager, vacancy number 96282.

51. The Center Manager title was a promotion from Plaintiff's current title. The applicant must be in the civil service title of Recreation Director or Recreation Supervisor to qualify for this posting.

52. Plaintiff was substantially and uniquely qualified for the Center Manager position.

53. On or about July 19, 2011 Plaintiff learned that he was denied the promotion for the Center Manager position, and in fact, he was informed that a less qualified employee under the age of 40 years old, and/or upon information and belief, was not African-American, was promoted to this same position.

54. Plaintiff's qualifications were superior to the employee selected for the Center Manager position.

55. Again, Plaintiff timely applied for a posted position of Center Manager, vacancy number 80704.

56. On or about February 9, 2011, Plaintiff interviewed for the position.

57. The Center Manager title was a promotion from Plaintiff's current title and the applicant

10

must be in the civil service title of Recreation Director or Recreation Supervisor to qualify for this posting.

58. Plaintiff was substantially and uniquely qualified for the Center Manager position.

59. On or about July 2011, Plaintiff learned that he was denied the promotion for the Center Manager position, and in fact, he was informed that a less qualified employee under the age of 40 years old, and/or upon information and belief, was not African-American, was promoted to this same position.

60. Plaintiff's qualifications were superior to the employee ultimately selected for the Center Manager position.

61. On or about February 2012, Plaintiff timely applied for a posted Administrative Parks & Recreation Manager position ("APRM"), vacancy number 97405.

62. The APRM title was a promotion from Plaintiff's current title.

63. Plaintiff was substantially and uniquely qualified for the APRM position.

64. After Plaintiff applied and prior to June 2012, Plaintiff learned that he was denied the promotion for the APRM position, and in fact, he was informed that a less qualified employee who was under the age of 40 years old, and/or upon information and belief, was not African-American, was promoted to this same position.

65. Plaintiff's qualifications were superior to the employee selected for the APRM position.

66. Upon information and belief, promotions to the Center Manager position in the Borough of Queens favored women.

67. Upon information and belief, defendants violated their own Personnel Rules and Regulations for the City of New York because certain employee selections were simply pre-determined rubber stamped promotions.

68. Upon information and belief, defendants violated their own Personnel Rules and Regulations for the City of New York because certain employee selections were simply pre-determined rubber stamped promotions based on race and/or age.

69. As another example, but not the sole example of discriminatory treatment, in retaliation for filing a charge of discrimination with the EEOC (520-2012-02258, 6/11/12) on or about November 30, 2012, Plaintiff was placed on the absence control plan.

70. Plaintiff provided all documentation required to prevent being placed on absence control.

71. On March 30, 2013, Plaintiff amended his EEOC Charge of Discrimination to include retaliation claiming the disciplinary charges relating to absence control played a determinative role in the denials of promotions and a lower rating on his performance evaluation.

72. An analysis by the NYCLU revealed that innocent New Yorkers have been subjected to police stops and street interrogations more than 5 million times since 2002, and that black and Latino communities continue to be the overwhelming target of these tactics. Nearly nine out of 10 stopped-and-frisked New Yorkers have been completely innocent, according to the NYPD's own reports:

    a.   In 2013, New Yorkers were stopped by the police 191,558 times.

        169,252 were totally innocent (88 percent).

        104,958 were black (56 percent).

        55,191 were Latino (29 percent).

        20,877 were white (11 percent).

    b.   In the first half of 2014, New Yorkers were stopped by the police 27,527 times.

22,682 were totally innocent (82 percent).

14,549 were black (53 percent).

7,662 were Latino (28 percent).

3,363 were white (12 percent).

73. Upon information and belief, similar to NYPD, DPR, through its managers has targeted Plaintiff and other African-American employees for disciplines because of their race.

74. Upon information and belief, similar to NYPD, DPR, through its managers have targeted Plaintiff and other employees for disciplines because of their race as evidenced by a statistical disparity between disciplines comparing similarly situated employees who are not African-Americans with those who are African-American.

75. Upon information and belief, once an African-American employee is found to have violated a DPR policy, the discipline is swift and disproportionate to the discipline of non-African-Americans.

76. Plaintiff's disciplines were typically grieved through his union and found to be meritless, yet, the discipline history was kept in his file.

77. DPR managers knew that these disciplines would cause African-American applicants seeking promotions to be less qualified than similarly situated applicants who may not have disciplinary records.

78. DPR managers knew that these disciplines would cause applicants over the age of 40 seeking promotions to be less qualified than similarly situated applicants who may not have disciplinary records.

79. Defendants violated their own Personnel Rules and Regulations for the City of New York by allowing disciplinary history to remain in Plaintiff's personnel file and other African-American's personnel files even after the disciplinary history was to be expunged.

13

80. Defendants violated their own Personnel Rules and Regulations for the City of New York by appointing provisional employees to positions when eligible lists were available.

81. Defendants' acts of discrimination and retaliation were performed with malice and reckless indifference to Plaintiff's protected civil rights.

82. As an example of these retaliatory acts, although not the only example, Plaintiff was falsely accused of a myriad of charges including the most career damaging charge: "Soliciting contributions or payments while on City Time or Premises in violation of the rule set forth in Chapter Two, Rule III (5)(e) of the Department of Parks and Recreation's (DPR) Standards of Conduct ."

83. Plaintiff did not violate any of these charges, yet, on or about January 31, 2014, Plaintiff was found guilty following an informal conference; and a written reprimand was placed in his personnel file.  In addition, Plaintiff had to forfeit 6 days annual leave.

84. On May 5, 2014, following an OATH hearing, all charges were dropped, however, prior to DPR renouncing these charges, Plaintiff applied for 3 promotions, specifically,

   a.  August 8, 2013, Center Manager, job identification number 12419

   b.  December 11, 2013, Parks and Recreation Manager, job identification number 136087

   c.  December 12, 2013, Center Manager, job identification number 124719.

85. Upon information and belief, Plaintiff was not accepted to any of these positions even though he was substantially more qualified than the employees selected for these positions.

86. Upon information and belief, the employees promoted to these positions were less qualified employees who were under the age of 40 years old, and/or upon information

and belief, were not African-American.

87. Plaintiff was denied these promotions because of DPR's retaliatory and ongoing discriminatory conduct based on race and/or age.

88. Upon information and belief, DPR selecting officials are aware of an applicants' personnel actions prior to selecting employees to positions.

89. On February 2, 2014, Plaintiff amended his EEOC Charge of Discrimination to include retaliation claiming the disciplinary charges played a determinative role in the denials of promotions to job identification numbers 12419, 136087 and 124719.

90. Robert Garafola, Deputy Commissioner, in charge of Management, Budget, & Public Programming, and Iris Rodriguez, Borough Chief of Recreation for Queens, were the individuals that retaliated against the Plaintiff.

91. Upon information and belief, other DPR managers were involved in this discriminatory and retaliatory conduct, identities to be determined.

92. All of DPR employees were agents acting within the scope of their employment.

93. Defendants did not make a good faith effort to comply with Title VII and the ADEA because they failed to adequately implement their own anti-discrimination policies.

94. Defendants did not make a good faith effort to comply with Title VII and ADEA because they engaged in the intentional discriminatory practices set forth in this complaint.

95. Defendants have discriminated against Plaintiff based on his race and/or age with respect to the terms, wages, conditions, privileges, advantages and benefits of Plaintiff's employment.

96. Defendants have discriminated against Plaintiff based on his race and/or sex with respect to the terms, wages, conditions, privileges, advantages and benefits of Plaintiff's employment.

97. Defendants have retaliated against Plaintiff because he filed an EEOC charge of discrimination based on race, sex and age adversely effecting the terms, wages, conditions, privileges, advantages and benefits of Plaintiff's employment.

98. Defendants have used their policies, practices and/or procedures in a differential manner based on race and/ or age having an adverse effect upon the Plaintiff.

99. Defendants have used their policies, practices and/or procedures in a differential manner based on race and/ or sex having an adverse effect upon the Plaintiff.

100.   Defendants have used their policies, practices and/or procedures to intentionally discriminate and to retaliate against the Plaintiff having an adverse effect upon the Plaintiff's employment.

101.   By failing to follow the settlement agreement pursuant to the 2008 settlement agreement between DPR and the Class Plaintiff's, Defendants caused a statistical disparity based on race in violation of Title VII.

102.   Defendants failed to follow its own personnel policies and procedures to adversely affect Plaintiff's employment opportunities at DPR.

103.   Defendants failed to follow the settlement agreement pursuant to the 2008 settlement agreement between DPR and the Class Plaintiff's.

104.   As a proximate result of the unlawful discriminatory and retaliatory acts of defendants, Plaintiff has suffered a loss of income (wages and salary), raises, promotions, grants, retirement benefits and other fringe benefits that he would have received absent defendants' discrimination and retaliation.

105.   As a proximate result of the unlawful discriminatory and retaliatory acts of defendants, Plaintiff suffered emotional pain, suffering, mental anguish, mental injury and other non-pecuniary losses.

106.   As a proximate result of the unlawful discriminatory and retaliatory acts of defendants, Plaintiff suffered harm to his character and reputation, professional standing, and future employment income and employment opportunities.

## FIRST CAUSE OF ACTION
### VIOLATIONS OF TITLE VII, 42 U.S.C. § 2000e et seq.

### RACE/or SEX DISCRIMINATION
### Failure to Promote

107.   Plaintiff repeats and re-alleges each and every allegation in paragraphs numbered above and below in this complaint with the same force and effect as if fully set forth herein.

108.   By the above acts, defendants discriminated against the Plaintiff because of or on the basis of race and/or sex by their decision to deny Plaintiff a promotion to the APRM position, vacancy number 010934, thereby violating Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e as amended.

109.   Defendants discriminated against Plaintiff by treating him differently from and less favorably than similarly situated non-African-American applicants.

110.   Defendants' conduct has been intentional, deliberate, willful, malicious, reckless and

17

conducted in callous disregard of the rights of the Plaintiff.

111.   As a direct and proximate result of Defendants' aforementioned conduct, the Plaintiff was damaged and suffered economic losses, mental and emotional harm, anguish and humiliation.

112.   By reason of the continuous nature of Defendants' discriminatory conduct, persistent throughout Plaintiff's employment, Plaintiff is entitled to application of the continuing violation doctrine to all of the violations alleged herein.

113.   By reason of the discrimination suffered at DPR, Plaintiff is entitled to legal and equitable remedies available under Title VII.

114.   Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendants' discriminatory practices unless and until this Court grants relief.

## SECOND CAUSE OF ACTION
### VIOLATIONS OF TITLE VII, 42 U.S.C. § 2000e et seq.

### RACE/or SEX DISCRIMINATION
#### Failure to Promote

115.   Plaintiff repeats and re-alleges each and every allegation in paragraphs numbered above and below in this complaint with the same force and effect as if fully set forth herein.

116.   By the above acts, defendants discriminated against the Plaintiff because of or on the basis of race and/or sex by their decision to deny Plaintiff a promotion to the Center Manager position, vacancy number 96282, thereby violating Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e as amended.

## THIRD CAUSE OF ACTION

### VIOLATIONS OF TITLE VII, 42 U.S.C. § 2000e et seq.

### RACE/or SEX DISCRIMINATION
### Failure to Promote

117.    Plaintiff repeats and re-alleges each and every allegation in paragraphs numbered above and below in this complaint with the same force and effect as if fully set forth herein.

118.    By the above acts, defendants discriminated against the Plaintiff because of or on the basis of race and/or sex by their decision to deny Plaintiff a promotion to the APRM position, vacancy number 97405, thereby violating Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e as amended.

## FOURTH CAUSE OF ACTION

### VIOLATIONS OF TITLE VII, 42 U.S.C. § 2000e et seq.

### RACE/or SEX DISCRIMINATION
### Failure to Promote

119.    Plaintiff repeats and re-alleges each and every allegation in paragraphs numbered above and below in this complaint with the same force and effect as if fully set forth herein.

120.    By the above acts, defendants discriminated against the Plaintiff because of or on the basis of race and/or sex by their decision to deny Plaintiff a promotion to the Center Manager position, vacancy number 80704, thereby violating Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e as amended.

## FIFTH CAUSE OF ACTION

### VIOLATIONS OF TITLE VII, 42 U.S.C. § 2000e et seq.

### RACE/or SEX DISCRIMINATION
### Failure to Promote

121.    Plaintiff repeats and re-alleges each and every allegation in paragraphs numbered above and below in this complaint with the same force and effect as if fully set forth herein.

122.    By the above acts, defendants discriminated against the Plaintiff because of or on the basis of race and/or sex by their decision to deny Plaintiff a promotion to the Center Manager position, Job Identification number 124719, thereby violating Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e as amended.

## SIXTH CAUSE OF ACTION

### VIOLATIONS OF TITLE VII, 42 U.S.C. § 2000e et seq.

### RACE/or SEX DISCRIMINATION
### Failure to Promote

123.    Plaintiff repeats and re-alleges each and every allegation in paragraphs numbered above and below in this complaint with the same force and effect as if fully set forth herein.

124.    By the above acts, defendants discriminated against the Plaintiff because of or on the basis of race and/or sex by their decision to deny Plaintiff a promotion to the Park and Recreation Manager position, Job Identification number 136087, thereby violating Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e as amended.

## SEVENTH CAUSE OF ACTION

### VIOLATIONS OF TITLE VII, 42 U.S.C. § 2000e et seq.

### RACE/or SEX DISCRIMINATION
### Failure to Promote

125.    Plaintiff repeats and re-alleges each and every allegation in paragraphs numbered above and below in this complaint with the same force and effect as if fully set forth herein.

126.    By the above acts, defendants discriminated against the Plaintiff because of or on the basis of race and/or sex by their decision to deny Plaintiff a promotion to the Center Manager position, Job Identification number 124719, thereby violating Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e as amended.

## EIGHTH CAUSE OF ACTION

### VIOLATIONS OF TITLE VII, 42 U.S.C. § 2000e et seq.

### RACE/or SEX DISCRIMINATION
### Compensation

127.    Plaintiff repeats and re-alleges each and every allegation in paragraphs numbered above and below in this complaint with the same force and effect as if fully set forth herein.

128.    By the above acts, defendants discriminated against the Plaintiff because they failed to compensate him equally, violating Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e as amended.

129.    Defendants discriminated against Plaintiff by treating him differently from and less favorably than similarly situated non-African-American employees by paying him less for working in the capacity of a position requiring substantially the same responsibility.

130.    The position held by the comparator employee was substantially the equivalent to Plaintiff's position.

## NINTH CAUSE OF ACTION

**Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 - 634.**

### AGE DISCRIMINATION
### Failure to Promote

131.    Plaintiff repeats and re-alleges each and every allegation in paragraphs numbered above and below in this complaint with the same force and effect as if fully set forth herein.

132.    By the above acts, defendants discriminated against the Plaintiff because of or on the basis of age by their decision to deny Plaintiff a promotion to the APRM position, vacancy number 010934, thereby violating the Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 - 634.

133.    Defendants discriminated against Plaintiff by treating him differently from and less favorably than similarly situated applicants under the age of 40.

134.    Defendants' conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of the Plaintiff.

135.    As a direct and proximate result of Defendants' aforementioned conduct, the Plaintiff was damaged and suffered economic losses, mental and emotional harm, anguish and humiliation.

136.    By reason of the continuous nature of Defendants' discriminatory conduct, persistent throughout Plaintiff's employment, Plaintiff is entitled to application of the continuing violation doctrine to all of the violations alleged herein.

137.    By reason of the age discrimination suffered at DPR, Plaintiff is entitled to legal and

equitable remedies available under the Act.

138.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendants' discriminatory practices unless and until this Court grants relief.

## TENTH CAUSE OF ACTION

**Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 - 634.**

### AGE DISCRIMINATION
### Failure to Promote

139.    Plaintiff repeats and re-alleges each and every allegation in paragraphs numbered above and below in this complaint with the same force and effect as if fully set forth herein.

140.    By the above acts, defendants discriminated against the Plaintiff because of or on the basis of age by their decision to deny Plaintiff a promotion to the Center Manager position, vacancy number 96282, thereby violating the Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 - 634.

141.    Defendants discriminated against Plaintiff by treating him differently from and less favorably than similarly situated applicants under the age of 40.

## ELEVENTH CAUSE OF ACTION

**Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 - 634.**

### AGE DISCRIMINATION
### Failure to Promote

142.    Plaintiff repeats and re-alleges each and every allegation in paragraphs numbered above and below in this complaint with the same force and effect as if fully set forth herein.

143.    By the above acts, defendants discriminated against the Plaintiff because of or on the basis of age by their decision to deny Plaintiff a promotion to the APRM position, vacancy number 97405, thereby violating the Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 - 634.

144.    Defendants discriminated against Plaintiff by treating him differently from and less favorably than similarly situated applicants under the age of 40.

### TWELFTH CAUSE OF ACTION

**Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 - 634.**

### AGE DISCRIMINATION
### Failure to Promote

145.    Plaintiff repeats and re-alleges each and every allegation in paragraphs numbered above and below in this complaint with the same force and effect as if fully set forth herein.

146.    By the above acts, defendants discriminated against the Plaintiff because of or on the basis of age by their decision to deny Plaintiff a promotion to the Center Manager position, vacancy number 80704 thereby violating the Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 - 634.

147.    Defendants discriminated against Plaintiff by treating him differently from and less favorably than similarly situated applicants under the age of 40.

### THIRTEENTH CAUSE OF ACTION

**Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 - 634.**

### AGE DISCRIMINATION
### Failure to Promote

148.    Plaintiff repeats and re-alleges each and every allegation in paragraphs numbered

24

above and below in this complaint with the same force and effect as if fully set forth herein.

149.    By the above acts, defendants discriminated against the Plaintiff because of or on the basis of age by their decision to deny Plaintiff a promotion to the Center Manager position, Job Identification number 124719, thereby violating the Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 - 634.

150.    Defendants discriminated against Plaintiff by treating him differently from and less favorably than similarly situated applicants under the age of 40.

## FOURTEENTH CAUSE OF ACTION
### Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 - 634.

### AGE DISCRIMINATION
### Failure to Promote

151.    Plaintiff repeats and re-alleges each and every allegation in paragraphs numbered above and below in this complaint with the same force and effect as if fully set forth herein.

152.    By the above acts, defendants discriminated against the Plaintiff because of or on the basis of age by their decision to deny Plaintiff a promotion to the Park and Recreation Manager position, Job Identification number 136087, thereby violating the Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 - 634.

153.    Defendants discriminated against Plaintiff by treating him differently from and less favorably than similarly situated applicants under the age of 40.

## FIFTEENTH CAUSE OF ACTION

**Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 - 634.**

### AGE DISCRIMINATION
### Failure to Promote

154.    Plaintiff repeats and re-alleges each and every allegation in paragraphs numbered above and below in this complaint with the same force and effect as if fully set forth herein.

155.    By the above acts, defendants discriminated against the Plaintiff because of or on the basis of age by their decision to deny Plaintiff a promotion to the Center Manager position, Job Identification number 124719, thereby violating the Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 - 634.

156.    Defendants discriminated against Plaintiff by treating him differently from and less favorably than similarly situated applicants under the age of 40.

## SIXTEENTH CAUSE OF ACTION

**VIOLATIONS OF TITLE VII, 42 U.S.C. § 2000e et seq.**

### RETALIATION
### Failure to Promote

157.    Plaintiff repeats and re-alleges each and every allegation in paragraphs numbered above and below in this complaint with the same force and effect as if fully set forth herein.

158.    By the above acts, defendants retaliated against the Plaintiff by their decision to deny Plaintiff a promotion to the Center Manager position, Job Identification number 124719, thereby violating Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e as amended.

159.    Defendants retaliated against Plaintiff for filing a charge of discrimination through the EEOC.

160.    Defendants' conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of the Plaintiff.

161.    As a direct and proximate result of Defendants' aforementioned conduct, the Plaintiff was damaged and suffered economic losses, mental and emotional harm, anguish and humiliation.

162.    By reason of the continuous nature of Defendants' discriminatory conduct, persistent throughout Plaintiff's employment, Plaintiff is entitled to application of the continuing violation doctrine to all of the violations alleged herein.

163.    By reason of the discrimination suffered at DPR, Plaintiff is entitled to legal and equitable remedies available under Title VII.

164.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendants' discriminatory practices unless and until this Court grants relief.

## SEVENTEENTH CAUSE OF ACTION
## VIOLATIONS OF TITLE VII, 42 U.S.C. § 2000e et seq.

### RETALIATION
### Failure to Promote

165.    Plaintiff repeats and re-alleges each and every allegation in paragraphs numbered above and below in this complaint with the same force and effect as if fully set forth herein.

166.    By the above acts, defendants retaliated against the Plaintiff by their decision to deny Plaintiff a promotion to the Park and Recreation Manager position, Job Identification

number 136087, thereby violating Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e as amended.

167.   Defendants retaliated against Plaintiff for filing a charge of discrimination through the EEOC.

## EIGHTEENTH CAUSE OF ACTION
## VIOLATIONS OF TITLE VII, 42 U.S.C. § 2000e et seq.

### RETALIATION
### Failure to Promote

168.   Plaintiff repeats and re-alleges each and every allegation in paragraphs numbered above and below in this complaint with the same force and effect as if fully set forth herein.

169.   By the above acts, defendants retaliated against the Plaintiff by their decision to deny Plaintiff a promotion to the Center Manager position, Job Identification number 124719, thereby violating Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e as amended.

170.   Defendants retaliated against Plaintiff for filing a charge of discrimination through the EEOC.

**WHEREFORE**, Plaintiff, **ROBERT MCCLAIN**, requests that this Court:

1) Accept jurisdiction over the parties;

2) Empanel and charge a jury with respect to this action;

3) Order defendants to make Plaintiff, **ROBERT MCCLAIN**, whole from the unlawful employment practices described above by providing compensation for back and front pay with pre and post-judgment interest, in amounts to be determined at trial;

4) Order defendants to provide to Plaintiff, ROBERT MCCLAIN, compensatory damages with pre and post-judgment interest to compensate him for nonpecuniary losses, including pain, suffering and humiliation, in amounts to be determined at trial for the injuries he has suffered from defendants' unlawful conduct in their employment practices;

5) Enjoin defendants from further unlawful practices;

6) Order defendants to pay the reasonable attorneys fees and other costs incurred by Plaintiff as provided by Section 1988 of Title 42 and the Civil Rights Acts;

7) Award Plaintiff, ROBERT MCCLAIN, any other relief deemed necessary, just and proper.

## DEMAND FOR JURY

Plaintiff demands a trial by jury of all issues triable of right to a jury.

Dated:  November 11, 2014

New York, New York

Respectfully submitted,

Gerald Graves Esq. GG1392
4 South Orange Avenue, #117
South Orange, NJ 07079
New Jersey Office: 917 204-0094
New York Office: 212 361-9399
499 7th Avenue, 12 North Floor
New York, NY 10018