UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ROBERT MCCLAIN,

          Plaintiff,

      - against -

NEW YORK CITY DEPARTMENT OF PARKS
AND RECREATION and THE CITY OF NEW
YORK,

          Defendants.

------------------------------------------------------------------------ x

**ANSWER**

14 Civ. 6642 (PKC)(CLP)

    Defendants, by their attorney, Zachary W. Carter, Corporation Counsel of the

City of New York, for their answer to the complaint, filed November 12, 2014, ("Complaint"),

respectfully allege as follows:

    1.  Deny the allegations set forth in paragraph "1," of the Complaint, except

admit that plaintiff purports to proceed as set forth in this paragraph.

    2.  Deny the allegations set forth in paragraph "2," of the Complaint, except

admit that plaintiff purports to set forth the basis of jurisdiction in this paragraph.

    3.  Deny the allegations set forth in paragraph "3," of the Complaint, except

admit that a charge of discrimination was filed with the United States Equal Employment

Opportunity Commission ("EEOC"), Charge No. 520-2012-02258, on or around May 11, 2012,

and that the charge was amended on or around March 30, 2013, and again on or around March 3,

2014.

    4.  Deny knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in paragraph "4," of the Complaint except admit that a Notice of Right

to Sue letter, dated August 15, 2014, appears to have been sent by EEOC.

5.      Deny the allegations set forth in paragraph "5," of the Complaint except admit that the Complaint purports to set forth the basis of venue in this paragraph.

6.      Deny the allegations set forth in paragraph "6," of the Complaint, except admit that Robert McClain is employed by the City of New York ("City") in the City's Department of Parks and Recreation ("DPR"), that he was assigned to a DPR location in Queens, New York, that he reported his date of birth to DPR as April 3, 1958, and that he self-identifies as an African-American male.

7.      Deny the allegations set forth in paragraph "7," of the Complaint, except admit that the City of New York is a municipal corporation duly organized and existing under the Constitution and laws of the State of New York, that the mayor is the Chief Executive Officer of the City, and respectfully refer the Court to the New York City Charter and Administrative Code for a complete and accurate description of the powers and duties of the mayor.

8.      Deny the allegations set forth in paragraph "8," of the Complaint, except admit that DPR is an agency of the City and that the Commissioner of DPR is the agency head of DPR.

9.      Deny the allegations set forth in paragraph "9," of the Complaint, except admit that DPR has offices located in a building known as "the Arsenal," 830 Fifth Avenue, New York, NY 10065.

10.     Deny the allegations set forth in paragraph "10," of the Complaint, and respectfully refer the Court to Chapter 21 of the New York City Charter and Title 18 of the New York City Administrative Code for a complete and accurate description of the powers and responsibilities of DPR.

11.     Deny the allegations set forth in paragraph "11," of the Complaint, except admit that plaintiff is employed by the City at DPR's Roy Wilkins Recreation Center in Queens, New York ("RWRC"), and that, among other things, the RWRC provides recreation facilities.

12.     Deny the allegations set forth in paragraph "12," of the Complaint, except admit that Mitchell Silver is the DPR Commissioner, and respectfully refer the Court to Chapter 21 of the New York City Charter and Title 18 of the New York City Administrative Code for a complete and accurate description of the powers and responsibilities of the Commissioner of DPR.

13.     Deny the allegations set forth in paragraph "13," of the Complaint.

14.     Deny the allegations set forth in paragraph "14," of the Complaint, except admit that some DPR employees are subject to the New York Civil Service Law, and some DPR employees are subject to collective bargaining and respectfully refer the Court to the cited documents for a complete and accurate statement of their contents.

15.     Deny the allegations set forth in paragraph "15," of the Complaint, except admit that there is a managerial pay plan.

16.     Deny the allegations set forth in paragraph "16," of the Complaint, and respectfully refer the Court to Article 5, Section 6 of the Constitution of the State of New York and the New York Civil Service Law for a complete and accurate statement of their provisions.

17.     Deny the allegations set forth in paragraph "17," of the Complaint, except admit that DPR may assign informal office titles to some positions.

18.     Deny the allegations set forth in paragraph "18," of the Complaint, except admit that plaintiff applied for a position with an office title of "Center Manager" and that there

is a civil service title of "Recreation Supervisor," and that plaintiff is employed in the civil service title of "Recreation Supervisor."

19.     Deny the allegations set forth in paragraph "19," of the Complaint, and respectfully refer the Court to the New York Civil Service Law for a complete and accurate statement of its contents.

20.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20," of the Complaint.

21.     Deny the allegations set forth in paragraph "21," of the Complaint, and respectfully refer the Court to the cited regulations for a complete and accurate statement of their contents.

22.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22," of the Complaint, and respectfully refer the Court to the cited documents for a complete and accurate statement of their contents.

23.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23," of the Complaint and respectfully refer the Court to the cited statute for a complete and accurate statement of its contents.

24.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24," of the Complaint, and respectfully refer the Court to the cited documents for a complete and accurate statement of their contents.

25.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25," of the Complaint, and respectfully refer the Court to the cited document for a complete and accurate statement of its contents.

26.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26," of the Complaint, and respectfully refer the Court to the cited document for a complete and accurate statement of its contents.

27.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27," of the Complaint, except admit that on or around June 6, 1994, plaintiff was provisionally appointed to the seasonal title of Urban Park Ranger ("UPR") in DPR.

28.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28," of the Complaint except admit that plaintiff was appointed to the civil service title of Recreation Director.

29.     Admit the allegations set forth in paragraph "29," of the Complaint.

30.     Deny the allegations set forth in paragraph "30," of the Complaint.

31.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31," of the Complaint, except admit that plaintiff holds the civil service title of Recreation Supervisor.

32.     Deny the allegations set forth in paragraph "32," of the Complaint, except admit that plaintiff was a Recreation Director and was provisionally appointed on a seasonal basis to the title of Recreation Supervisor from June 21, until September 8, 2010.

33.     Deny knowledge or information sufficient to form a belief as to the truth of  the allegations set forth in paragraph "33," of the Complaint except admit that petitioner was represented in collective bargaining by DC 37.

34.     Deny the allegations set forth in paragraph "34," of the Complaint.

35.     Deny the allegations set forth in paragraph "35," of the Complaint.

36.     Deny the allegations set forth in paragraph "36," of the Complaint.

37.     Deny the allegations set forth in paragraph "37," of the Complaint.

38.     Deny the allegations set forth in paragraph "38," of the Complaint.

39.     Deny the allegations set forth in paragraph "39," of the Complaint.

40.     Deny the allegations set forth in paragraph "40," of the Complaint.

41.     Deny the allegations set forth in paragraph "41," of the Complaint.

42.     Deny the allegations set forth in paragraph "42," of the Complaint.

43.     Deny the allegations set forth in paragraph "43," of the Complaint.

44.     Deny the allegations set forth in paragraph "44," of the Complaint.

45.     Deny the allegations set forth in paragraph "45," of the Complaint, except admit that in September, 2010, DPR interviewed plaintiff for appointment to an  Administrative Park and Recreation Manager position which was posted under Job Vacancy Notice No. 010934.

46.     Deny the allegations set forth in paragraph "46," of the Complaint except admit that Recreation Supervisor promotes to the title of Administrative Park and Recreation Manager.

47.     Deny the allegations set forth in paragraph "47," of the Complaint.

48.     Deny the allegations set forth in paragraph "48," of the Complaint, except admit that plaintiff was not promoted to the Administrative Parks and Recreation Manager position which was posted under Job Vacancy Notice No. 010934.

49.     Deny the allegations set forth in paragraph "49," of the Complaint.

50.     Deny the allegations set forth in paragraph "50," of the Complaint, except admit that plaintiff applied for a Center Manager position which was posted under Job Vacancy Notice No. 96282.

51.     Deny the allegations set forth in paragraph "51," of the Complaint.

52.     Deny the allegations set forth in paragraph "52," of the Complaint.

53.     Deny the allegations set forth in paragraph "53," of the Complaint, except admit plaintiff was not appointed to the Center Manager position which was posted under Job Vacancy Notice No. 96282.

54.     Deny the allegations set forth in paragraph "54," of the Complaint.

55.     Deny the allegations set forth in paragraph "55," of the Complaint, except admit that plaintiff applied for a Center Manager position which was posted under Job Vacancy Notice No. 80704.

56.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "56," of the Complaint, except admit that DPR interviewed plaintiff for a Center Manager position which was posted under Job Vacancy Notice No. 80704.

57.     Deny the allegations set forth in paragraph "57," of the Complaint.

58.     Deny the allegations set forth in paragraph "58," of the Complaint.

59.     Deny the allegations set forth in paragraph "59," of the Complaint, except admit plaintiff was not appointed to the Center Manager position which was posted under Job Vacancy Notice No. 80704.

60.     Deny the allegations set forth in paragraph "60," of the Complaint.

61.     Deny the allegations set forth in paragraph "61," of the Complaint, except admit that plaintiff applied for an appointment to an Administrative Parks and Recreation Manager position which was posted under Job Vacancy Notice No. 97405.

62.     Deny the allegations set forth in paragraph "62, of the Complaint except admit that Recreation Supervisor promotes to the title of Administrative Park and Recreation Manager.

63.     Deny the allegations set forth in paragraph "63," of the Complaint.

64.     Deny the allegations set forth in paragraph "64," of the Complaint, except admit that plaintiff was not appointed to the Administrative Parks and Recreation Manager position which was posted under Job Vacancy Notice No. 97405.

65.     Deny the allegations set forth in paragraph "65," of the Complaint.

66.     Deny the allegations set forth in paragraph "66," of the Complaint.

67.     Deny the allegations set forth in paragraph "67," of the Complaint.

68.     Deny the allegations set forth in paragraph "68," of the Complaint.

69.     Deny the allegations set forth in paragraph "69," of the Complaint, except admit that Charge No. 520-2012-02258 was apparently filed with the EEOC.

70.     Deny the allegations set forth in paragraph "70," of the Complaint.

71.     Deny the allegations set forth in paragraph "71," of the Complaint, except admit that Charge No. 520-2012-02258 was apparently amended and respectfully refer the Court to the cited document for a complete and accurate statement of its contents.

72.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "72," of the Complaint, including subparagraphs "a" and "b."

73.     Deny the allegations set forth in paragraph "73," of the Complaint.

74.     Deny the allegations set forth in paragraph "74," of the Complaint.

75.     Deny the allegations set forth in paragraph "75," of the Complaint.

76.     Deny the allegations set forth in paragraph "76," of the Complaint.

77.     Deny the allegations set forth in paragraph "77," of the Complaint.

78.     Deny the allegations set forth in paragraph "78," of the Complaint.

79.     Deny the allegations set forth in paragraph "79," of the Complaint.

80.     Deny the allegations set forth in paragraph "80," of the Complaint.

81.     Deny the allegations set forth in paragraph "81," of the Complaint.

82.     Deny the allegations set forth in paragraph "82," of the Complaint, except admit that Charges and Specifications, dated December 26, 2013, were brought against plaintiff, that one of the nine Charges and Specifications included "Illicit or Improper Activities: Soliciting contributions or payments while on City Time or Premises in violation of the rule set forth in Chapter Two, Rule III (5)(e) of the Department of Parks and Recreation's (DPR") Standards of Conduct," and respectfully refer the Court to the cited Charges and Specifications for a complete and accurate statement of their contents.

83.     Deny the allegations set forth in paragraph "83," of the Complaint, except admit that an Informal Conference was held on January 31, 2014, that plaintiff was found guilty of the following Charges and Specifications: Charges I, II, III, IV, Charge V Specification 1, Charge VI, and Charge IX, and not guilty of Charges and Specifications: Charges V, Specification 2, Charge VII, and Charge VIII, and respectfully refer the Court to the Informal Conference decision for a complete and accurate statement of its contents.

84.     Deny the allegations set forth in paragraph "84," of the Complaint, except admit that, in accordance with New York Civil Service Law § 75, the disciplinary charges against plaintiff were scheduled for a hearing at the City's Office of Administrative Trials and Hearings ("OATH"), that disciplinary charges and specifications brought against plaintiff were

withdrawn prior to the hearing, and that plaintiff applied for a Center Manager position which was posted under Job Vacancy Notice No. 124719 and for a Park and Recreation Manager position which was posted under Job Vacancy Notice No. 136087.

85.     Deny the allegations set forth in paragraph "85," of the Complaint except admit that plaintiff was not appointed to Center Manager, vacancy notice number 124719, or Park and Recreation Manager, vacancy number 136087.

86.     Deny the allegations set forth in paragraph "86," of the Complaint.

87.     Deny the allegations set forth in paragraph "87," of the Complaint.

88.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "88," of the Complaint.

89.     Deny the allegations set forth in paragraph "89," of the Complaint, except admit that EEOC charge No. 520-2012-02258 was apparently amended.

90.     Deny the allegations set forth in paragraph "90," of the Complaint except admit that Robert L. Garafola is Deputy Commission of Management, Budget, and Public Programs at DPR and that Iris N. Rodriguez holds the position of Chief of Recreation for the Borough of Queens.

91.     Deny the allegations set forth in paragraph "91," of the Complaint.

92.     Deny the allegations set forth in paragraph "92," of the Complaint.

93.     Deny the allegations set forth in paragraph "93," of the Complaint.

94.     Deny the allegations set forth in paragraph "94," of the Complaint.

95.     Deny the allegations set forth in paragraph "95," of the Complaint.

96.     Deny the allegations set forth in paragraph "96," of the Complaint.

97.     Deny the allegations set forth in paragraph "97," of the Complaint.

98.     Deny the allegations set forth in paragraph "98," of the Complaint.

99.     Deny the allegations set forth in paragraph "99," of the Complaint.

100.    Deny the allegations set forth in paragraph "100," of the Complaint.

101.    Deny the allegations set forth in paragraph "101," of the Complaint.

102.    Deny the allegations set forth in paragraph "102," of the Complaint.

103.    Deny the allegations set forth in paragraph "103," of the Complaint.

104.    Deny the allegations set forth in paragraph "104," of the Complaint.

105.    Deny the allegations set forth in paragraph "105," of the Complaint.

106.    Deny the allegations set forth in paragraph "106," of the Complaint.

107.    In response to paragraph "107," of the Complaint, defendants repeat and reallege their responses to paragraphs "1," through "106," of the Complaint, inclusive of all subparts, as if fully set forth here.

108.    Deny the allegations set forth in paragraph "108," of the Complaint.

109.    Deny the allegations set forth in paragraph "109," of the Complaint.

110.    Deny the allegations set forth in paragraph "110," of the Complaint.

111.    Deny the allegations set forth in paragraph "111," of the Complaint.

112.    Deny the allegations set forth in paragraph "112," of the Complaint.

113.    Deny the allegations set forth in paragraph "113," of the Complaint.

114.    Deny the allegations set forth in paragraph "114," of the Complaint.

115.    In response to paragraph "115," of the Complaint, defendants repeat and reallege their responses to paragraphs "1," through "114," of the Complaint, inclusive of all subparts, as if fully set forth here.

116.    Deny the allegations set forth in paragraph "116," of the Complaint.

117.    In response to paragraph "117," of the Complaint, defendants repeat and reallege their responses to paragraphs "1," through "116," of the Complaint, inclusive of all subparts, as if fully set forth here.

118.    Deny the allegations set forth in paragraph "118," of the Complaint.

119.    In response to paragraph "119," of the Complaint, defendants repeat and reallege their responses to paragraphs "1," through "118," of the Complaint, inclusive of all subparts, as if fully set forth here.

120.    Deny the allegations set forth in paragraph "120," of the Complaint.

121.    In response to paragraph "121," of the Complaint, defendants repeat and reallege their responses to paragraphs "1," through "120," of the Complaint, inclusive of all subparts, as if fully set forth here.

122.    Deny the allegations set forth in paragraph "122," of the Complaint.

123.    In response to paragraph "123," of the Complaint, defendants repeat and reallege their responses to paragraphs "1," through "122," of the Complaint, inclusive of all subparts, as if fully set forth here.

124.    Deny the allegations set forth in paragraph "124," of the Complaint.

125.    In response to paragraph "125," of the Complaint, defendants repeat and reallege their responses to paragraphs "1," through "124," of the Complaint, inclusive of all subparts, as if fully set forth here.

126.    Deny the allegations set forth in paragraph "126," of the Complaint.

127.    In response to paragraph "127," of the Complaint, defendants repeat and reallege their responses to paragraphs "1," through "126," of the Complaint, inclusive of all subparts, as if fully set forth here.

128.    Deny the allegations set forth in paragraph "128," of the Complaint.

129.    Deny the allegations set forth in paragraph "129," of the Complaint.

130.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "130," of the Complaint.

131.    In response to paragraph "131," of the Complaint, defendants repeat and reallege their responses to paragraphs "1," through "130," of the Complaint, inclusive of all subparts, as if fully set forth here.

132.    Deny the allegations set forth in paragraph "132," of the Complaint.

133.    Deny the allegations set forth in paragraph "133," of the Complaint.

134.    Deny the allegations set forth in paragraph "134," of the Complaint.

135.    Deny the allegations set forth in paragraph "135," of the Complaint.

136.    Deny the allegations set forth in paragraph "136," of the Complaint.

137.    Deny the allegations set forth in paragraph "137," of the Complaint.

138.    Deny the allegations set forth in paragraph "138," of the Complaint.

139.    In response to paragraph "139," of the Complaint, defendants repeat and reallege their responses to paragraphs "1," through "138," of the Complaint, inclusive of all subparts, as if fully set forth here.

140.    Deny the allegations set forth in paragraph "140," of the Complaint.

141.    Deny the allegations set forth in paragraph "141," of the Complaint.

142.    In response to paragraph "142," of the Complaint, defendants repeat and reallege their responses to paragraphs "1," through "141," of the Complaint, inclusive of all subparts, as if fully set forth here.

143.    Deny the allegations set forth in paragraph "143," of the Complaint.

144.     Deny the allegations set forth in paragraph "144," of the Complaint.

145.     In response to paragraph "145," of the Complaint, defendants repeat and reallege their responses to paragraphs "1," through "144," of the Complaint, inclusive of all subparts, as if fully set forth here.

146.     Deny the allegations set forth in paragraph "146," of the Complaint.

147.     Deny the allegations set forth in paragraph "147," of the Complaint.

148.     In response to paragraph "148," of the Complaint, defendants repeat and reallege their responses to paragraphs "1," through "147," of the Complaint, inclusive of all subparts, as if fully set forth here.

149.     Deny the allegations set forth in paragraph "149," of the Complaint.

150.     Deny the allegations set forth in paragraph "150," of the Complaint.

151.     In response to paragraph "151," of the Complaint, defendants repeat and reallege their responses to paragraphs "1," through "150," of the Complaint, inclusive of all subparts, as if fully set forth here.

152.     Deny the allegations set forth in paragraph "152," of the Complaint.

153.     Deny the allegations set forth in paragraph "153," of the Complaint.

154.     In response to paragraph "154," of the Complaint, defendants repeat and reallege their responses to paragraphs "1," through "153," of the Complaint, inclusive of all subparts, as if fully set forth here.

155.     Deny the allegations set forth in paragraph "155," of the Complaint.

156.     Deny the allegations set forth in paragraph "156," of the Complaint.

157.     In response to paragraph "157," of the Complaint, defendants repeat and reallege their responses to paragraphs "1," through "156," of the Complaint, inclusive of all subparts, as if fully set forth here.

158.     Deny the allegations set forth in paragraph "158," of the Complaint.

159.     Deny the allegations set forth in paragraph "159," of the Complaint.

160.     Deny the allegations set forth in paragraph "160," of the Complaint.

161.     Deny the allegations set forth in paragraph "161," of the Complaint.

162.     Deny the allegations set forth in paragraph "162," of the Complaint.

163.     Deny the allegations set forth in paragraph "163," of the Complaint.

164.     Deny the allegations set forth in paragraph "164," of the Complaint.

165.     In response to paragraph "165," of the Complaint, defendants repeat and reallege their responses to paragraphs "1," through "164," of the Complaint, inclusive of all subparts, as if fully set forth here.

166.     Deny the allegations set forth in paragraph "166," of the Complaint.

167.     Deny the allegations set forth in paragraph "167," of the Complaint.

168.     In response to paragraph "168," of the Complaint, defendants repeat and reallege their responses to paragraphs "1," through "167," of the Complaint, inclusive of all subparts, as if fully set forth here.

169.     Deny the allegations set forth in paragraph "169," of the Complaint.

170.     Deny the allegations set forth in paragraph "170," of the Complaint.

## FOR A FIRST DEFENSE:

171.     The Complaint fails to state a claim upon which relief may be granted.

**FOR A SECOND DEFENSE:**

172.    The Complaint is barred, in whole or in part, by the applicable statute of limitations.

**FOR A THIRD DEFENSE:**

173.    The Complaint is barred, in whole or in part, by the failure to perform all conditions precedent to suit or to exhaust all administrative remedies or both.

**FOR A FOURTH DEFENSE:**

174.    The Complaint is barred, in whole or in part, by the doctrines of claim preclusion, issue preclusion, *res judicata*, collateral estoppel, judicial estoppel or any combination of these doctrines.

**FOR A FIFTH DEFENSE:**

175.    An agency of the City of New York is not a suable entity and, thus, any named defendants that are agencies of the City of New York must be dismissed from this case.

**FOR A SIXTH DEFENSE:**

176.    At all times relevant to the acts alleged in the Complaint, defendants' actions were reasonable, proper, lawful, constitutional, made in good faith, and without malice and were in accordance with the Constitution and laws of the United States, the Constitution and laws of the State of New York, the Charter and laws of the City of New York and all applicable by-laws, rules and regulations.

**FOR A SEVENTH DEFENSE:**

177.    Defendants had legitimate, non-retaliatory, non-discriminatory business reasons for taking any of the alleged adverse actions complained of by plaintiff.

**FOR AN EIGHTH DEFENSE:**

178.   The Complaint is barred, in whole or in part, by prior stipulation, settlement, arbitration and award, accord and satisfaction, waiver, release, or any combination of these doctrines.

**FOR A NINTH DEFENSE:**

179.   Any damages sustained by plaintiff were caused by plaintiff's own negligent or otherwise culpable conduct.

**FOR A TENTH DEFENSE:**

180.   The damage claims contained in the Complaint are barred, in whole or in part, by the failure to mitigate damages.

**WHEREFORE,** defendants respectfully request that the Complaint be dismissed in its entirety, that all relief requested therein be denied, that judgment be entered for defendants, and that defendants be granted costs, fees, and expenses together with such other and further relief as the Court deems just and proper.

Dated:        New York, New York
              February 13, 2015

                              **ZACHARY W. CARTER**
                              Corporation Counsel of the
                               City of New York
                              Attorney for Defendants
                              100 Church Street, Room 2-196
                              New York, New York 10007-2601
                              (212) 356-2507
                              adowns@law.nyc.gov

                          By: _____/s/ Alexis Downs_____
                                  Assistant Corporation Counsel

TO:   **GERALD GRAVES**
      Attorney for Plaintiff
      499 7th Avenue, 12th Floor
      New York, New York 10018